# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 25-435** |
| **ANDREW LOVEJOY** | : | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Andrew Lovejoy betrayed the trust given to him by the United States Postal Service by stealing and hoarding many months' worth of mail in his then-girlfriend's basement, in her garage, and in his car. In total, Mr. Lovejoy failed to deliver approximately 39,720 pieces of mail that belonged to the citizens along his postal route in Philadelphia – an amount that filled 33 postal bins and garbage bags. The undelivered mail included voting registration letters, utility bills, traffic and parking violation bills, and packages, many of which Mr. Lovejoy opened and then stole the contents. For these reasons, as well as for the reasons provided below, the government seeks a meaningful sentence of incarceration within the advisory guideline range of 0-6 months, absent any basis for a below-guideline sentence addressed in the supplemental sealed attachment to this sentencing memorandum.

A sentencing court follows a two-step process, first calculating the range under the Sentencing Guidelines, and then considering that range along with all pertinent 18 U.S.C. § 3553(a) factors in determining the appropriate sentence. *See* USSG § 1B1.1 (Nov. 1, 2025).[1]

---

[1] Courts previously followed a three-step process, in which the court first calculated the guideline range, then next ruled on motions for departure, before considering the 3553(a) factors.

*continued . . .*

At the second step of the sentencing process, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted). *See also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority."); *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("Failure to give 'meaningful consideration' to any such argument renders a sentence procedurally unreasonable which, when appealed, generally requires a remand for resentencing.").

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors.

## I.    BACKGROUND

On September 26, 2025, the defendant was charged by indictment with one count of theft of mail by a postal employee, in violation of 18 U.S.C. § 1709. On December 16, 2025, the defendant entered an open plea of guilty to this charge. During his plea colloquy, the defendant admitted that he unlawfully stole approximately 39,720 pieces of mail that he should have delivered as the responsible U.S.P.S. postal carrier. His then-girlfriend had reported the theft of mail to Philadelphia Police. After the U.S.P.S. Inspection Service initiated an investigation, the

---

*See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). In an extensive amendment to the Guidelines effective November 1, 2025, the Sentencing Commission eliminated the departure provisions in the manual and dictated the two-step process described above.

defendant signed a confession admitting his theft of the mail and resigned from the Postal Service.

## II.   SENTENCING CALCULATION

### A.   Statutory Maximum Sentence.

The maximum sentence that may be imposed on the defendant is a term of imprisonment of 5 years, a term of supervised release of one year, a fine of $250,000, and a special assessment of $100.

### B.   Sentencing Guidelines Calculation.

The Probation Office correctly calculated the defendant's advisory guideline range as follows: The base offense level for a violation of 18 U.S.C. § 1709 is 6 pursuant to USSG § 2B1.1(a)(2). *See* PSR at 5. Because the defendant was a USPS employee at the time of the theft of mail, he receives a 2-point increase for the abuse of a position of public trust, pursuant to USSG § 3B1.3, which yields an adjusted offense level of 8. *Id.* Lovejoy has accepted responsibility for the offense and accordingly receives a 2-point decrease pursuant to USSG § 3E1.1(a). *Id.* Finally, the defendant qualifies as a Zero-Point Offender and thus his offense level is further reduced by two levels pursuant to USSG § 4C1.1, yielding a total offense level of 4. *Id.* At criminal history category I, the defendant's advisory guideline range is 0 – 6 months' incarceration.

## III.   ANALYSIS

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). "These requirements mean that '[i]n the usual sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and

impose a sentence within the range." *Peugh v. United States*, 569 U.S. 530, 542 (2013) (quoting *Freeman v. United States*, 564 U.S. 522, 529 (2011) (plurality opinion); ellipsis in original). "Common sense indicates that in general, this system will steer district courts to more within-Guidelines sentences." *Peugh*, 569 U.S. at 543. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." *Id.* at 544.

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

### A.    Consideration of the 3553(a) Factors Regarding Imprisonment.

The defendant committed a serious offense. His theft of mail took place over a lengthy period -- at least six months. Lovejoy acted deliberately and willfully by *inter alia* ripping open numerous parcels and removing their contents, sometimes for his own personal benefit. He undoubtedly interfered with citizens' voting rights by delaying the delivery of voter registration correspondence and likely caused them to pay increased penalties for the delayed payment of parking or traffic violations and utility bills. The vast volume of stolen mail recovered from his

apartment – nearly 40,000 individual pieces of U.S. mail – exemplifies the seriousness of the defendant's wrongdoing. Accordingly, the nature and circumstances of the offense warrant a sentence of actual imprisonment within the guidelines range.

Defendant Lovejoy's personal circumstances aggravate rather than mitigate the need for incarceration. His father was a Philadelphia Police Department homicide detective and his mother was a high school English teacher, while his brother is currently a USPS mail carrier. The defendant had many examples of trustworthy public servants in his stable upbringing – in other words, he knew better.

An important factor here is the need for general deterrence. As court of appeals have stated both before and after *Booker*, deterrence under 3553(a) is not limited to the deterrence of a particular defendant. *See, e.g., United States v. Jordan*, 435 F.3d 693, 698 (7th Cir. 2006) (describing how Section 3553(a) "specifies that the court may consider the need for general deterrence and respect for the law"); *United States v. Glover*¸431 F.3d 744, 751 (11th Cir. 2005) (nothing the pre-*Booker* an post-*Booker*, "the underlying goals of the statute and the Guidelines are retribution, general deterrence, incapacitation, ad rehabilitation" (internal quotation marks omitted); *see also United States v. Yeaman*, 248 F.3d 223, 232 (3d Cir. 2001) (referring to Section 3553(a)'s goals of "general deterrence, incapacitation, ad rehabilitation"). The defendant's crime not only diminishes the public's belief in the United States Postal Service, its employees, and its mission, but it also undermines the public's faith in the federal government and its ability to provide essential functions like the delivery of mail. A penalty for the defendant is necessary to deter other postal carriers from wantonly stealing and hoarding mail, without any regard for the impact it may have on the public. Unfortunately, the theft of mail is not infrequent and although the federal government has caught and prosecuted many offenders, many more

have assuredly gotten away with their crimes. Thus, in the limited instances in which fraudsters have been caught, a meaningful sentence of incarceration is warranted to provide general deterrence for the future, just punishment of wrongdoers, and so that U.S. citizens can feel comfortable in the continued funding of USPS.

In addition, adherence to the recommended guideline range assures that the defendant's sentence is consistent with those imposed nationwide on similarly situated offenders, and thus complying with Section 3553(a)(6) and avoiding undue disparity.

There is no need in this case to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ." § 3553(a)(2)(D). Also, restitution is not an issue in this case. § 3553(a)(7).

At the same time, the defendant has not set forth any persuasive argument for leniency.

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition in this case of a within-guideline sentence of incarceration. As noted, the Sentencing Guidelines present "the lodestone of sentencing," *Peugh*, 569 U.S. at 544, and that guide is once again persuasive in this case.

**B.      Supervised Release.**

Pursuant to Sections 5D1.1 and 5D1.2 of the Sentencing Guidelines, as amended effective November 1, 2025, the Court is directed to conduct an "individualized assessment" when deciding whether to impose a term of supervised release, and if supervised release is imposed, how long the term should be. The Court is further directed to state in open court its reasons for imposing or not imposing a term of supervised release, and its reasons for the length of a term imposed. Further, Section 5D1.3 sets forth mandatory conditions of a term of

supervised release, and "discretionary conditions" that the Court may impose, following the same individualized assessment.

The guideline commentary, consistent with 18 U.S.C. § 3583(c), provides that the "individualized assessment" should rest on consideration of the same sentencing factors under 18 U.S.C. § 3553(a) that are considered with respect to a term of imprisonment, with the exception of Sections 3553(a)(2)(A) (the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") and 3553(a)(3) ("the kinds of sentences available"), which do not apply with regard to supervised release decisions.

In this case, a term of supervised release is warranted. As explained above, the defendant betrayed the public's trust over a lengthy period by stealing nearly 40,000 pieces of mail. Close supervision following release from imprisonment is warranted to aid his reentry to society and to protect the public. A term of supervised release in this case advances the goals of sentencing to deter criminal conduct, § 3553(a)(2)(B) and protect the public, § 3553(a)(2)(C).

This assessment also supports imposition of all of the mandatory and standard conditions of supervised release listed in Section 5D1.3.

- 8 -

## IV.    CONCLUSION

The government's final recommendation regarding sentencing appears in the sealed attachment.

Respectfully submitted,

DAVID METCALF
United States Attorney


/s Eric D. Gill
ERIC D. GILL
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this Sentencing Memorandum has been served on the Filing User

identified below through the Electronic Case Filing (ECF) system:


Jeremy Isard, Esquire
Attorney for Defendant
601 Walnut Street
Suite 540 West
Philadelphia, Pennsylvania 19106



*/s Eric D. Gill*
ERIC D. GILL
Assistant United States Attorney



DATED:  March 24, 2026.